STATE OF MISSOURI, Respondent, *vs.* RICHARD BRODERICK, Appellant.

1. *Criminal law—Robbery—Snatching watch chain, etc.*—It appeared that defendant coming unexpectedly upon the prosecutor, snatched his watch chain with such violence, as to tear it away from the watch and from the button hole. The owner endeavored to recover the chain but failed, defendant striking him and making his escape. *Held*, that the facts showed a case of robbery in the first degree.

2. *Robbery—Violence and fear as characterizing the offense.*—If force be used, fear is not an essential ingredient of the crime of robbery. The statute (Wagn. Stat., 456, § 20) is in the disjunctive. And if the violence is sufficient to carry out the intent, its degree, aside from this criterion, is not a matter of much importance in characterizing the offense.

*Appeal from St. Louis Criminal Court.*

*J. D. Johnson*, for Appellant.

I. The snatching of the chain with merely force enough to break it from the watch, and straighten the hook in the button hole, is not the violence intended by the statute. (1 Russ. Crim., pp. 67, 72, 871, note *c.*; Rosc. Crim. Ev., [Ed. 1836] pp. 734, 740, 898; 2 Fost., 708; 2 East P. C., 702; State vs. Johns, 5 Jones, N. C., 164; People vs. Hall, 6 Park. Cr. Rep., 651; McClosky vs. People, 5 Park. Cr. Rep., 307.)

II. The violence, to constitute robbery, should occur before the taking, and induce the surrender. (Wagn. Stat., p. 456, § 20; Whart. Am. Crim. Law, § 1695; Barb. Crim. Law, 144; State vs. Johns, *supra*.)

*J. C. Normille*, for Respondent, cited 1 Bish. Crim. Law, § 1167; 2 Whart. Crim. Law, (6 Ed.) § 1701; People vs. McClosky, 5 Park., 299, and the People vs. Hall, 6 Park., 643.

WAGNER, Judge, delivered the opinion of the court.

The accused was indicted and convicted of robbery in the first degree, and the facts show that at about two o'clock in the night time, the prosecutor was walking along one of the streets in the city of St. Louis, and that he had exposed on his person a watch chain, one end of which was fastened by a hook to the button hole of his vest, and the other to a watch

in his vest pocket; that defendant and another person came out of an alley and walked across the pavement in front of the prosecutor, and that defendant suddenly turned around and, without saying anything, seized prosecutor's watch chain, and in doing so, broke it loose from the watch and the button hole; that the prosecutor endeavored to recover the chain but did not succeed, as the defendant in the altercation struck him, and he then ran. Immediately thereafter a policeman arrested the defendant and took the watch chain away from him.

The court instructed the jury in reference to the crime of robbery in the first degree, essentially in the language of the statute, and its charge in this regard was entirely unexceptionable; but at the request of the State, it gave the further declaration that the violence which constituted robbery, as charged in the indictment, was sustained by the proof of force used by the defendant sufficiently great to break the chain, and by the exercise of such violence in taking and carrying away the property in question.

It is now contended that the instruction just referred to was erroneous, and that the conviction was wrong, because it did not appear that any threats or intimidation were used previous to the taking of the property, or that the prosecutor was put in fear of immediate injury to his person. The statute declares that "every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (1 Wagn. Stat., p. 456, § 20.) The statute has made no new distinction nor declared any new principle. At common law, robbery was defined to be the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence, or by putting him in fear. ( 2 Whart. Crim. Law, [6th Ed.] § 1695.)

Upon this Mr. East observes " that no sudden taking of a thing unawares from the person, as by snatching anything

from the hand or head, is sufficient to constitute a robbery, unless some injury be done to the person, or unless there be some previous struggle for the possession of the property." (2 East P. C., 708), and such is the ruling of the New York Court. (McClosky vs. The Poople, 5 Park. 299 ; The People vs. Hall, 6 Park. 642.) But in the later editions of Hawkins (1 Hawk. P. C., Curw. Ed., p. 214, § 9), it is said to be robbery to snatch a basket of linen suddenly from the head of another, and Mr. Bishop declares the true doctrine to be, that such snatching will constitute robbery, provided, the article is so attached to the person or clothes as to create resistance, however slight, not otherwise. (1 Bishop Crim. Law, 5 Ed., § 1176.) Accordingly, where a watch was fastened to a steel chain passing around the neck of the owner; one who snatched it away, breaking the chain, was held to be guilty of the offense ; " for " it was said " the prisoner could not obtain the watch at once, but had to overcome the resistance the steel chain made, and actual force was used for the purpose." (Rex vs. Mason, Russ. & Ry., 419.) In the State vs. McCune (5 R. I., 60), the prisoner, whilst walking in a public street by night with a stranger with the pretended purpose of guiding him to a livery stable, where he might obtain a conveyance, suddenly seized the watch of the stranger, which was in his vest pocket, with violence enough to break the silk ribbon watch guard about his neck, and exclaiming : " Damn you ! I will have your watch," fled with it, pursued by the stranger. It was held that the offense was robbery as distinguished from stealing from the person, notwithstanding the stranger, who was a witness, could not swear that he feared anything at the time, except the loss of his watch. (See also McDaniel vs. The State, 8 Sm. & M., 401 ; Com. vs. Shelling, 4 Binn., 379.)

Whilst to constitute a robbery there must be a felonious taking of property from the person of another by force, either actual or constructive, by threatening words or gestures, yet if force be used, fear is not an essential ingredient. If there be violence sufficient to effect and carry out the evil intent,

its degree cannot be of much importance in characterizing the crime. In the present case the taking was effected by force. The prisoner placed himself unawares immediately in front of the prosecutor and snatched the chain with the purpose of getting the watch. The violence used was sufficient to overcome the resistance of the chain, and break it from the watch and straighten out the hook which fastened it in the button hole. The violence was open, and the property was retained by force, for the prosecutor was struck by the defendant at the very time when he made an attempt to snatch the chain out of defendant's hands. The statute is in the disjunctive and applies to taking the person's property by violence, or by putting him in fear, and if the goods be taken either by violence or by putting the owner in fear, it is sufficient to render the felonious taking a robbery. Wherefore judgment should be affirmed. The other judges concur.