STATE OF MISSOURI, Respondent, v. GEORGE SOMMERS, Appellant.

### June 13, 1882.

1. An attempt to commit robbery involves an attempt to commit the larceny involved in the robbery.

2. The snatching of property from the person of another without violence and without putting the owner in fear is larceny and not robbery.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. *Affirmed.*

MARTIN & FAUNTLEROY, for the appellant.

J. R. HARRIS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Defendant was indicted for stealing $450. The testimony showed that he attempted to snatch from the hands

of a girl who was carrying the same through an unfre-
quented street, a bag containing that amount in silver and
bank-notes. The court directed the jury to acquit of grand
larceny; but if they believed from the evidence that de-
fendant did, at the date named and at the place named,
feloniously attempt to steal, take, and carry away from the
daughter of Frederick Kurst the money of said Kurst in a
sum in excess of $30, and did so with intent to convert the
same to his own use and to deprive the true owner of it
without his consent, they should find defendant guilty of
the crime of an attempt to commit the crime of grand
larceny.

Counsel for appellant contends that there was no
evidence to warrant this instruction, because, he says, the
evidence shows an attempt to commit robbery, and does
not show an attempt to commit larcency. If this were so
we think there is nothing in it; because robbery and lar-
ceny are, in their nature, felonious offences of the same
general kind. Robbery is larceny with something added.
One indicted of robbery might, if the evidence justified it,
have been acquitted of the robbery and convicted of the
larceny, on this ground. *Rex* v. *Gnosil*, 11 Eng. C. L. 400.
The charge of robbery involves the charge of larceny;
and if an act is done with an intent to commit robbery, it
must be done with an intent to commit the larceny involved
in the robbery. So, an indictment for burglary by felo-
niously breaking and entering into the dwelling-house of
the prosecutor with intent to steal his goods, is supported
by proof that the intent of the prisoner was to rob the
prosecutor. *The State* v. *Cody*, 1 Wins. 197; 1 Bishop's
Cr. Proc., sect. 488 e.

We are of opinion, moreover, that there was evidence
from which the jury might fairly find an attempt to steal
as distinguished from an attempt to rob. To constitute
robbery the party must be put in fear or there must be
violence. It may be difficult to determine what degree of

violence is necessary to constitute the offence.   Where a
man walking after a woman in the street, snatches her
shawl from her person, though he uses considerable vio-
lence, it is said this is not robbery; and so, where a per-
son snatched another's watch from his fob, and got it after
a scuffle.   *Rex* v. *Gnosil, supra.*   And this, for the reason
that where the violence is used, not to overpower the per-
son robbed, but only to get the property, there is no rob-
bery.   At any rate it seems to be now held that sudden
snatching of property from a person is not robbery, if
there is no struggle and no injury done to the person
robbed.   The cases are cited in a note to *Rex* v. *Gnosil,*
*supra.*   In the case at bar the evidence of the girl tends to
show an attempt to snatch her money-bag, abandoned as soon
as she screamed for help.   No harm was done to her person.

No other point is urged here as a reason for reversing
the judgment.   Nor, on inspection of the record, do we
see any error to the prejudice of appellant for which we
ought to interfere.   With the concurrence of all the judges,
the judgment is affirmed.