The State v. Brown.

---

## THE STATE v. BROWN *et al.*, *Appellants.*

### DIVISION TWO.

1. **Criminal Law : INDICTMENT : ROBBERY IN FIRST DEGREE.** It is not necessary to allege, in an indictment for robbery in the first degree, that the putting in fear was done feloniously.

The State v. Brown.

2. **Criminal Practice** : INSTRUCTIONS : ROBBERY. It is error for the court to omit the element of felonious intent in its instructions on robbery in the first degree.

3. ——— : ——— : ——— : FELONIOUSLY. It is not necessary to use the word " feloniously " in the instructions, but, if used, its meaning should be defined.

4. ——— : ——— : FELONIOUSLY ROBBING. To " feloniously rob ' means the taking or removing the money or property of another, *animo furandi*.

5. ——— : DEFENDANT'S TESTIMONY : INSTRUCTIONS. Defendants in a criminal case are entitled to have the question of their guilt or innocence submitted to the jury on the facts as testified to by them.

6. ——— : ROBBERY IN FIRST DEGREE : INSTRUCTION. An instruction on robbery in the first degree properly stated.

7. ——— : ——— : ABETTOR. It is not essential to the conviction of one as an aider or abettor of robbery in the first degree that he received some of the stolen property.

8. ——— : INSTRUCTION ON DEFENDANT'S EVIDENCE. An instruction is proper which tells the jury that in determining what weight should be given the defendants' testimony, they *should* consider the fact that they are the defendants. ( *State v. Cook*, 84 Mo. 40, and *State v. Young*, 99 Mo. 666, *affirmed*.)

9. ——— : ———. An instruction in a criminal case is proper which tells the jury that the law presumes what defendants said against themselves to be true, but that the jury might believe or disbelieve what they said for themselves.

10. ——— : PETIT LARCENY. It is not error for the court, on a trial for robbery in the first degree, to omit to instruct as to petit larceny, where the evidence shows either robbery in the first degree or defendants' innocence.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

*Kern & Kemp* for appellants.

( 1 ) Robbery is larceny from the person, by violence, or by putting in fear. 2 Bishop, Crim. Law [ 3 Ed.] p. 595 ; *Long v. State*, 12 Ga. 293 ; *People v.*

The State v. Brown.

*Nelson*, 56 Cal. 77. ( 2 )  Larceny is characterized by a felonious intent.  *State v. Ware*, 62 Mo. 597 ; *State v. Shermer*, 55 Mo. 83 ; *State v. Stone*, 68 Mo. 101. ( 3 ) Therefore, in robbery, the taking must be with an intent to appropriate the property as in larceny,  with *animo furandi*.  *People v. Keefer*, 2 West C. Rep. ( Cal.) 878; *Long v. State*, 12 Ga. 293 ; *State v. Hollyway*, 41 Iowa, 200 ; *Ward v. Commonwealth*, 14 Bush, 233 ; *Murphy v. People*, 3 Hun, 114 ; *State v. Curtis*, 71 N. C. 56 ; *Jordan v. Com.*, 25 Gratt. 943 ; 2 Wharton, Crim. Law [ 7 Ed.] sec. 1697 ; *State v. Broderick*, 59 Mo. 320. ( 4 ) The court erred in not submitting to the jury the question of intent in taking the money.  *Jordan v. Com.*, 25 Gratt. 943 ; *People v. Hall*, 6 Park Cr. 642; *Johnson v. Com.*, 24 Gratt. 555. ( 5 )  The court should have told the jury to find the taking was done " feloniously," but did not.  R. S. 1889, sec. 3530. ( 6 )  The court erred in not instructing the jury on all the law arising in this case, and a failure to do so constitutes reversible error, and it makes no difference that such instructions were not asked.  *State v. Banks*, 73 Mo. 592 ; *State v. Branstetter*, 65 Mo. 154 ; *State v. Palmer*, 88 Mo. 568. ( 7 ) The court should have given an instruction on petit larceny.  *Com. v. Prewett*, 82 Ky. 404 ; *State v. Keeland*, 90 Mo. 337 ; *Kidd v. State*, 83 Ala. 58. ( 8 )  The court should have instructed the jury that, if the defendants compelled Ottoman to pay a debt due them, then there was no robbery.  *Regina v. Hemmings*, 4 F. & F. 50 ; *State v. Hollyway*, 41 Iowa,  200 ; 2 Wharton's Crim. Law [ 7 Ed.] sec. 1697. ( 9 )  The court erred in refusing instruction, numbered 4, as asked by defendants in relation to the snatching of property from the hand of another.   Snatching property from the hand of another is not robbery.  *State v. Texler*, 2 Cap. Law. Rep. 90; 6 Am. Dec. 558 ; *State v. Willis*, 16 Mo. App. 553 ; *Shinn v. State*, 64 Ind. 13 ; *State v. Sommers*, 12 Mo. App. 374 ; 2 Wharton's Crim. Law [ 7 Ed.] secs. 1701, 1786 ; 2 Bishop's Crim. Law [ 3 Ed.] p. 597. ( 10 )  If

instruction 4, as asked, was objectionable in phraseology, the court should have given a correct one in relation to that phase of the case, and a refusal to do so is reversible error. *State v. Mathews*, 20 Mo. 55; *State v. Jones*, 61 Mo. 232; *State v. Lowe*, 93 Mo. 571; *State v. Stonum*, 62 Mo. 596. (11) Modifying instruction 4 was a refusal.. *Allen v. Mansfield*, 82 Mo. 688. (12) The court erred in refusing instruction, numbered 6, asked by defendants. *State v. Hays*, 23 Mo. 319; *State v. Brooks*, 92 Mo. 555. (13) The court erred in giving instruction, numbered 8, for the state, because it eliminated from the consideration of the jury what defendants said for themselves. They were entitled to what they said for themselves. *State v. Hays*, 23 Mo. 319; *State v. Brooks*, 92 Mo. 555; *State v. Hicks*, 92 Mo. 431. (14) Instruction, numbered 6, for the state, is erroneous. It is based upon Revised Statutes, 1889, section 4218, and is stronger in its terms than is contemplated by that section, and imports an obligation on the jury they "should consider." *State v. Wagner*, 69 Mo. 197; *State v. Zorn*, 71 Mo. 415; *State v. Saunders*, 76 Mo. 35; *State v. McGuire*, 76 Mo. 326; *State v. Banks*, 73 Mo. 592. (15) The instructions for the state fail to tell the jury of what they shall find the defendants guilty. (16) Instructions 3 and 5, given for the state, are erroneous, because they assume that the crime of robbery had been committed, which was a fact in issue. *Robertson v. Drane*, 100 Mo. 273; *Coner v. Taylor*, 82 Mo. 347; *State v. Castor*, 93 Mo. 242. (17) Number 3 is also misleading, because it uses the word "stolen" instead of "taken;" if stolen, then it could only be petit larceny. (18) The court erred in giving instruction, numbered 7, for the state, because there is no evidence to support it. (19) The court erred in not sustaining defendants' motion for a new trial. R. S. 1889, sec. 4208. (20) The defendants' motion in arrest should have been sustained, because the indictment is insufficient, in that it does not charge that the putting in fear was done "feloniously."

1 Wharton's Prec. and Plead. [3 Ed.] book 4, ch. 4; 2 Archbold's Prac. and Plead., p. 521; Train & Heard's Prec. Ind. 461; *State v. Jenkins*, 36 Mo. 374, where indictment for robbery is approved.

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges the offense of robbery in the first degree. R. S. 1889, sec. 3530; *State v. Davidson*, 38 Mo. 374. (2) The first instruction for the state was essentially in the language of the statute, and unexceptionable. (3) The third instruction for the state is a literal copy of the third instruction given in the case of *State v. Davidson*, 38 Mo. 374. This instruction properly declared the law. *State v. Pratt*, 98 Mo. 482. Every robbery necessarily includes a larceny of the property taken, hence the criticism upon the use of the word "stolen," in this instruction, instead of the word "taken," is without force. Nor is this instruction in any respect misleading, for the jury could not have understood it in any other way than that, if a robbery was committed, the subsequent giving back of the property obtained by means of the robbery did not purge the offense. (4) The fourth instruction for the state is correct. The value of the property is not material. *State v. Howerton*, 58 Mo. 581. (5) The fifth instruction in regard to flight was proper. *State v. King*, 78 Mo. 555. (6) The sixth instruction properly declares the law as to defendant's testimony. *State v. Cook*, 84 Mo. 40, and cases cited; *State v. Vansant*, 81 Mo. 60; *State v. Cooper*, 71 Mo. 436. (7) The instruction as to an accessory is correct. *State v. Hollenscheit*, 61 Mo. 302, and authorities cited; *State v. Testerman*, 68 Mo. 413; *State v. Phillips & Ross*, 24 Mo. 475; *State v. Miller*, 67 Mo. 607; *State v. Cox*, 65 Mo. 29; *State v. Miller*, 100 Mo. 606; R. S. 1889, sec. 3944. (8) The eighth instruction given on

the part of the state has been approved in a number of cases, and the court did not err in giving it, or refusing instruction, numbered 6, prayed for by appellant. *State v. Hill*, 65 Mo. 84. (9) The court did not err in refusing to give instruction, numbered 4, as asked by defendants, in relation to the snatching of property from the hand of another. 2 Bishop, Crim. Law, sec. 1167, *et seq.; State v. Broderick*, 59 Mo. 318.

THOMAS, J.—The defendants were tried for and convicted of robbery of the first degree in the circuit court of Livingston county in September, 1890, and sentenced to imprisonment in the penitentiary for a term of five years. They have appealed to this court to obtain a reversal of this sentence.

I. It is urged, first, that the indictment is defective, in not charging that defendants *feloniously* put the prosecuting witness "in fear of some immediate injury to his person." This contention is not tenable. The indictment charges that the defendants feloniously assaulted the prosecuting witness and feloniously robbed, stole and took from him the sum of $7.25. This is sufficient. It is not necessary, at least in Missouri, to allege that the putting in fear was done feloniously. *State v. Wilcoxen*, 38 Mo. 370; *State v. Davidson*, 38 Mo. 374; 2 Bish. Crim. Proc., sec. 1003; Kelly, Crim. Law, sec. 575; R. S. 1889, sec. 3530.

II. The second contention is, that the court erred in failing to instruct the jury that, before they could convict defendants of robbery, they must first find from the evidence that they took the money with a felonious intent. Upon an examination of the instructions given, we find that the court did fail to do this. It is true, one of the instructions given told the jury that, if defendants took any money from the prosecuting witness, "in the manner alleged in the indictment," they were guilty of robbery, and the attorney for the state insists that that is sufficient. We do not think so.

The court should not refer the jury to the indictment to determine what it is necessary to find in order to convict. The instructions should distinctly inform the jury of all the facts necessary to be found to constitute the offense, and technical terms used should be defined. It is not necessary that the court should use the word "feloniously" in the instructions. If it be used, however, it ought to be defined. When we say that a man "feloniously robs," we simply mean that he takes and removes the money or property of another, *animo furandi*.

Robbery is compounded of larceny and force. The defendants were not guilty of robbery, unless they took the money from the prosecuting witness, without an honest claim to it or any of it, and with the intent to deprive him of the ownership therein.

The instruction given by the court, defining the offense, is as follows: "The jury are instructed that, if they believe from the evidence, beyond a reasonable doubt, that the defendants, James Brown and William Hymes, at the time and place alleged in the indictment, took any money from the person of the prosecuting witness, Herman Ottoman, in his presence and against his will, by then and there putting the said Herman Ottoman in fear of some immediate injury to his person, and that the said money so taken was then and there the property of the said Herman Ottoman, then, if the jury so believe, they will find the defendants guilty and assess punishment at a term of imprisonment in the penitentiary not less than five years."

This contains all of the elements of robbery of the first degree under our statute, except that of the felonious intent. This is omitted, and this is a material error, for which the judgment of the trial court will have to be reversed.

The evidence on the part of the state shows that Herman Ottoman, the prosecuting witness, fell into the company of defendants on the twenty-sixth day of

July, 1890, at the bridge near Kansas City, and all three went to Chillicothe in a freight train. They staid all night in an old house in the outskirts of the city. Next day, July 27, defendants drew knives and clubs and compelled Ottoman, by putting him in fear of personal injury, to deliver to them $7.25, all the money he had. The defendants were seen running through a field a short time after the alleged robbery. Ottoman reported what had occurred, and in a short time an officer went in pursuit, found defendants about a mile away, and arrested them. They denied at first having any money, but the officer found $6.25 on one, and $1 on the other. Defendants testified that William Hymes, one of them, had loaned Ottoman, a short time before, $1, and that he promised to pay them $1.50 more if they would get him and his luggage to Chillicothe. They reached Chillicothe about midnight of the twenty-sixth day of July, and when they arrived there they demanded the money of him, but he said it was too much, but said he would give them $2, which they agreed to accept. Next morning, when asked for the money, he said he did not intend to give them any. Ottoman then went off and got something to eat. They did not see him any more till about ten o'clock. They went around through the outskirts of Chillicothe, up north of the city and near Sturgis, when they met Ottoman again. They repeated the demand for the $2. He offered them ten cents, but they told him that would not do.

Hymes says: "He took out a piece of paper, unrolled it and took a $5 bill and held it in his right hand, and held $2.25 in his left hand. Brown reached over and took hold of the bill and pulled it, and Ottoman let go it. We then told him to go with us up to Sturgis and get his $3 out of it. He started south, and as he passed by Brown he gave him the silver. We both told him to come back and get the $5 bill. We called twice for him to come back. He said, 'I go my way, you go yours.' This was all that was said or

done. We did not threaten him. We did not draw any knives, We had no club. We did not threaten to kill him. He hallooed. We did not threaten to kill him if he should halloo. We used no force."

On cross-examination, he says Brown jerked the $5 bill out of Ottoman's hands. Brown corroborates Hymes in all the essential particulars. Some of the witnesses for the state testified that defendants claimed that Ottoman owed them, and that they used no force in getting possession of the money. John Hill, who was called on behalf of the state, testified that the defendants "said on the way to town that they told Ottoman to go with them to Sturgis and get change out of the $5, as Ottoman owed them $2."

If this story of the defendants is true, they were guilty of no offense, because the felonious intent was wanting. *Regina v. Hemmings*, 4 F. & F. 50 : *State v. Broderick*, 59 Mo. 320; 2 Bish. Crim. Law [ 7 Ed.] sec. 1162, and cases cited ; Kelley, Crim. Prac., sec. 582. That their version of the affair is not as probable as that of the prosecuting witness is immaterial. They had a right to have the question of their guilt or innocence fairly submitted to and passed upon by the jury on the facts they detailed. *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 Mo. 568 ; *State v. Partlow*, 90 Mo. 608 ; *State v. Young*, 99 Mo. 666.

III. In this case the court should instruct the jury that "if they find from the evidence that defendants, at the county of Livingston and state of Missouri, in July, 1890, took any money, the property of Herman Ottoman, from his person or in his presence and against his will, by putting him in fear of some immediate injury to his person, without any honest claim to such money on their part, and with the intent to deprive the said Ottoman of his ownership therein, then they should find them guilty of robbery of the first degree and assess their punishment at imprisonment in the penitentiary for a term of not less than five years, each. But on the

other hand, if the jury find from the evidence that the defendants in good faith claimed that said Ottoman was indebted to them in any sum whatever and they took the money from him even against his will, for the sole purpose of obtaining payment of the amount due them, and that they offered to return to said Ottoman all the money they thus obtained, except the amount they claimed to be due them, then they are not guilty of robbery and the jury should acquit them. If, however, they committed the crime of robbery as defined in this instruction, then their offer afterwards to return the money, or a part of it, cannot avail them as a defense."

IV.  The court committed no error in instructing the jury that Hymes was guilty of the crime of robbery, if he was present, aiding and abetting Brown in its commission, though he got none of the money (R. S. 1889, sec. 3944, and cases cited in note $d$); nor in telling the jury that, if the defendants were guilty of robbery, the amount of money taken was immaterial.

V.  The defendants contend that the court erred in instructing the jury that, "in determining the weight and credibility to be attached to the testimony of defendants, they should consider the fact that they are the defendants."  The specific objection to the instruction is in the use of the word "should," instead of "may."  This form of instruction has received the sanction of this court in *State v. Cook*, 84 Mo. 40, and in *State v. Young*, 99 Mo. 666, though the court was not unanimous in either case.  Section 4218, Revised Statutes, 1889, provides that the fact that the defendant is the party on trial *may* be shown for the purpose of affecting his credibility.  When it is shown, however, it is the duty of the jury to consider it.  That is what it is introduced for.  They are the sole judges, it is true, of the weight to be given it; but they have no more right to leave it out of consideration entirely than any other fact admitted in evidence.

VI.   Another instruction given by the court is crit-
icised because it told the jury that the law presumed
what defendants said against themselves was true, but
they might believe or disbelieve what they said for
themselves.   The principle of this instruction has
received the sanction of this court in *State v. Hill*, 65
Mo. 84, and in *State v. Brooks*, 99 Mo. 137.

VII.   The court committed no error in failing to
instruct the jury that defendants might, under the evi-
ence, be convicted of petit larceny.   If defendants told
the truth, they were guilty of no offense, and, if the
prosecuting witness is to be believed, they were guilty
of robbery as charged.

For the error pointed out the judgment is reversed,
and the cause remanded for new trial in conformity to
this opinion.   All of this division concur.