59 N.J. Super. 105 (1960)
157 A.2d 160
NICHOLAS FALCONIERO, PLAINTIFF,
v.
MARYLAND CASUALTY CO., A MARYLAND CORPORATION, DEFENDANT.
Superior Court of New Jersey, Camden County District Court.
Decided January 13, 1960.
*106 Mr. Michael A. Orlando for the plaintiff (Mr. Samuel P. Orlando, attorney).
Mr. Edgar E. Moss, II, for the defendant (Messrs. Starr, Summerill & Davis, attorneys).
MARTINO, J.C.C.
This suit concerns the interpretation of an insurance policy, the terms of which have never been scrutinized by any court of this State whose decision has received an imprimatur. The facts are not in dispute and have been stipulated. It appears that the plaintiff, while in the City of Philadelphia, mingled with a crowd which among other things was watching a fire. While so doing he was jostled and pushed. Shortly thereafter he entered an establishment, located in that same city, the proprietor of which noticed an aperture in a portion of the rear of his trousers which normally housed a pocket. It appeared that the former pocket had been excised by a sharp instrument or razor wielded with dexterity by a malevolent person with designs on the contents of a wallet which reposed therein. Plaintiff charges that the instrument wielding culprit extracted from this pocket a wallet which contained cash in the sum of $250.
The plaintiff carried a storekeepers' burglary and robbery policy of insurance with the defendant company which, he *107 contends, protects him from any loss occasioned by such outrageous conduct. Both counsel submit that the question for determination is the interpretation to be placed upon the context of the policy in its reference to the protection it affords to this plaintiff. Plaintiff says that, within the terms of the policy, robbery was committed. Defendant cannot agree. Counsel's research has produced no enlightenment from any New Jersey decision.
The defendant views the offense as pocket-picking, an offense which amounts to larceny from the person for which a person may be charged as a pickpocket, N.J.S. 2A:170-1, 2A:170-2. Plaintiff views the malicious act to the detriment of his trousers and financial stability as an act of violence which justifies the conclusion that robbery under the terms of the policy was perpetrated.
The pertinent provision of the policy which is the subject of this litigation defines "robbery" as:
"* * * the taking of insured property (1) by violence inflicted upon a messenger or a custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by an officer, partner or employee of the insured; (4) from the person or direct care and custody of a messenger or custodian who has been killed or rendered unconscious; or (5) from a show window within the premises while regularly open for business, by a person who has broken the glass thereof from outside the premises."
Plaintiff contends that "robbery" under the terms of this policy is dependent upon the court's construction of the definition of "robbery" as set forth above, particularly under (1), i.e., "by violence inflicted upon a messenger or a custodian." It is conceded that under the provisions of this policy the plaintiff qualifies as either "messenger" or "custodian."
"It is, of course, the almost universal rule that insurance contracts must wherever possible be liberally construed in favor of a policyholder or beneficiary thereof, and strictly construed against the insurer in order to afford the protection which the insured sought *108 in applying for the insurance. * * * Where, from the language of the policy, it is possible to adopt either of two reasonably consistent interpretations, that construction will be adopted which permits recovery, rather than the one which would deny coverage." Schneider v. New Amsterdam Casualty Co., 22 N.J. Super. 238, 242, 243 (App. Div. 1952).
"It has been observed that while courts protect insurers against unjust claims, and enforce regulations necessary for their protection, `it must not be forgotten that the primary object of all insurance is to insure. A construction should be taken which will render the contract operative, rather than inoperative, and which will sustain the claim for indemnity, if reasonably possible, rather than exclude it.' 13 Appleman, Insurance Law and Practice (1943), § 7386, p. 37." Boswell v. Travelers Indemnity Co., 38 N.J. Super. 599, 605 (App. Div. 1956).
Robbery, as it pertains to insurance claims, has been passed upon by courts of other states and particularly where the definition of robbery in a policy clause was more stringent than the clause referred to in this suit. For example, in Duluth St. R. Co. v. Fidelity & Deposit Co., 136 Minn. 299, 161 N.W. 595, 596 (Sup. Ct. 1917), where company insured plaintiff against loss by force and violence commonly known as highway robbery or holdup, the court held it was robbery under this definition where the plaintiff's treasurer, with a large amount of money in an inside pocket of his coat, encountered three thieves in an elevator. One crowded him against the other, thus distracting his attention while the other stole his money without his realizing its loss at the time. The court said:
"If the thief jostles the victim about for the purpose of diverting his attention and then, while his attention is so diverted, picks his pocket, the crime is robbery. * * * Such conduct constitutes an assault and the use of force. * * *"
In Agee v. Employers' Liability Assur. Corp., 213 Mo. App. 693, 253 S.W. 46, 48 (Ct. App. 1923), the court said:
"Robbery by holdup originally implied the stopping and robbing of persons traveling, but the term has acquired a broader meaning and is now applied to robbery in general by the use of force, or putting in fear. In State v. Massey, 274 Mo. 578, 204 S.W. 541, *109 the word `force' is defined as power exerted against will or consent, and in State v. Spivey [Mo.], 204 S.W. 259, the Supreme Court, in defining robbery, said:
`Snatching a valuable article from another is always denominated robbery where any force is exercised either to overcome the resistance of the person robbed or in detaching the article taken where it is fastened in some way to the clothing or person of the one robbed'  citing State v. Broderick, 59 Mo. 318; State v. Moore, 106 Mo. 480, 17 S.W. 658; Evans v. State, 80 Ala. 4; Usom v. State, 97 Ga. 194, 22 S.E. 399; Burke v. State, 74 Ga. 372; Thompson v. State (Tex. Cr. App.) 26 S.W. 1081; Stockton v. Commonwealth, 125 Ky. 268, 101 S.W. 298; People v. Ryan, 239 Ill. 410, 88 N.E. 170; State v. Sommers, 12 Mo. App. 374."
"The terms `violence' and `force' are synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily harm and leaves no mark." People v. Flummerfelt, 153 Cal. App.2d 104, 313 P.2d 912, 913 (Cal. D. Ct. App. 1957).
"`Violent' is a relative term. No particular degree of force is required to constitute violence. Violence is broadly defined in Webster's New International Dictionary, 2d Ed., as `the exertion of any physical force considered with reference to its effect on another than the agent.'" Boecker v. Aetna Casualty & Surety Co., 281 S.W.2d 561, 564, (Mo. Ct. 1955).
The facts justify the legal conclusion that the plaintiff is entitled to recover. Judgment will be entered in favor of plaintiff against the defendant in the sum of $250, with interest and costs.