STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Wayne SCOBY,
Defendant-Appellant.

No. 51182.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Maria V. Perron, Asst. Public Defender, Clayton, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of second degree robbery and was sentenced in accordance with the jury's recommendation to 10 years' imprisonment. He appeals; we affirm.

The victim testified that on January 8, 1985, at approximately 8:00 p.m., she left the Famous-Barr store in Northwest Plaza and proceeded to walk towards her home, which was a few blocks away. As she was walking along the sidewalk near the store she noticed a blue Mustang automobile slow down as it passed her. She testified that she saw two men in the car, who appeared to be studying her and talking to each other. She proceeded to cross the parking lot and the Mustang started to come up behind her again. In order to avoid the car she walked across the grassy area which separates the parking lot from Old St. Charles Rock Road. Upon reaching the road she began walking north along the right side of the street. She testified that several cars passed by, then:

> [I]t was quiet there for a few moments. And, all of a sudden, I heard another car. And I wanted to turn around; but at the same moment, *I felt a violent push, and I stumbled.* And it took me a while to catch myself. And when I looked up, I saw the same car again. And— ... I saw the two men again. And this man was holding my purse, and he started laughing at me.

The car then sped away. The victim further testified that the man she saw holding her purse was leaning out of the car window with his hands extended and was outside of the car from the waist up. She also stated that immediately prior to the mo-

ment she was pushed the Mustang passed within "inches" of her. When asked whether the purse was "on [her] shoulder" or whether she was just holding it, she replied, "[I]t was on my shoulder."

Within minutes after the incident the victim contacted the police. She gave them a description of the car and told them the direction it was headed when she last saw it. Approximately five minutes after the police received the call, a blue Mustang matching the description of the one in the report was stopped by officers at a location approximately one and a half to two miles from the scene of the crime. Two men were in the vehicle, and the officers observed a purse lying on the floorboard behind the passenger's seat of the car. They arrested the defendant, who was driving the car, and the passenger. The victim identified the recovered purse as the one which had been stolen from her.

In his point on appeal defendant challenges the sufficiency of the evidence to establish that physical force was used in obtaining possession of the victim's purse and asserts that the trial court erred in denying defendant's motion for judgment of acquittal. In examining the sufficiency of the evidence we accept as true all evidence, whether circumstantial or direct, tending to prove defendant guilty along with all reasonable inferences supportive of the verdict. *State v. Dunavant,* 674 S.W.2d 685, 686 (Mo.App.1984).

While defendant is correct in noting that "mere snatching or sudden taking of property from the person of another does not in itself involve such force, violence, or putting in fear as will constitute robbery....", *State v. Adams,* 406 S.W.2d 608, 611 (Mo. 1966), the taking in this case was accompanied by sufficient evidence of physical force to make a submissible case of robbery.[1] The circumstances in the case at

---

1. Section 569.030, RSMo 1978, sets out the offense of robbery in the second degree:
   1. A person committs the crime of robbery in the second degree when he forcibly steals property.

2. Robbery in the second degree is a class B felony.
Section 569.010, RSMo 1978, sets out the definition of forcibly stealing as follows:

bar are quite similar to those presented in *State v. Ax*, 546 S.W.2d 549 (Mo.App.1977), where a purse was snatched from a woman walking across a parking lot by a passenger riding in a truck and the woman was thrown to the ground. In his appeal from his conviction for first degree robbery, the defendant argued that the trial court erred in failing to submit an instruction on stealing from the person. This court held that the evidence in that case only established facts supporting robbery, and that there was "absolutely no evidentiary base to support the giving of a stealing from the person instruction." *Id.* at 550.

In the instant case the victim's purse was likewise seized by a person in an automobile. She had the purse strap on her shoulder, and felt a "violent push" as the purse was taken which caused her to stumble. Similar evidence in *Ax* was said to not only support an instruction on first degree robbery, but to establish a use of force which was sufficient to preclude defendant's contention that an instruction on stealing should have been given. The jury in this case was instructed on both second degree robbery and stealing without consent. The jurors declined to find defendant guilty of stealing, convicting him of robbery instead. In light of the evidence indicating that physical force was involved in this theft, the trial court did not err in denying defendant's motion for judgment of acquittal.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.

(1) "Forcibly steals", a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft;