**STATE of Missouri, Respondent,**

v.

**Harrison JOLLY, Appellant.**

No. 54003.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1991.

Joseph W. Downey, Melinda K. Pendergraph, Columbia, Mary C. McWilliams, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Harrison Jolly, appeals his conviction in the Circuit Court of the City of St. Louis, of robbery in the second degree, RSMo § 569.030 (1986), for which he was sentenced, as a prior and persistent offender, to twenty-one years in prison. We affirm the conviction and remand for resentencing.

On October 10, 1986, at about 11:15 a.m., Robert Hacker, a part-time employee of Southside National Bank, picked up the deposits from the East Drive–In across the street from the bank itself. Mr. Hacker put the deposits in a zippered bag and was approaching the South entrance of the bank when appellant offered to hold the door open. As Mr. Hacker passed, appellant grabbed the bag and pulled with both hands. In the ensuing struggle, Mr. Hacker's fingernail was ripped off, but at no time did appellant touch, threaten or attempt to strike Mr. Hacker.

Once he had the bag away from Mr. Hacker, appellant attempted to flee. Several people chased appellant through the Bank parking lot and held him until police arrived. The deposits were recovered in full. Appellant was charged by indictment with robbery in the second degree, RSMo § 569.030 (1986), and stealing over $150.00, RSMo § 570.030 (1986) in connection with the incident.

The case went to trial on September 29, 1987. Although the record is unclear on this point, it appears the court refused to instruct the jury on the lesser included offense of stealing from a person, and instructed only regarding second degree robbery. The jury returned its verdict of guilty on October 1, 1987. The jury also returned a verdict. of not guilty with respect to the stealing charge.

At sentencing, the court found appellant to be a prior and persistent offender, subject to the minimum term provisions of RSMo § 558.019 (1986). Appellant was sentenced to twenty-one years in prison. This appeal follows.

Appellant first asserts that the trial court's failure to instruct the jury on the lesser included offense of stealing from a person denied him due process of law in violation of the Missouri and U.S. Constitutions. Appellant argues the jury could have found him guilty of only stealing, because no force was used in appropriating the property from Mr. Hacker's person. We disagree.

To support the giving of an instruction on a lesser included offense, the record must contain substantial evidence to support both an acquittal on the more serious charge, and a conviction on the lesser charge. *State v. Stepter*, 794 S.W.2d 649, 652 (Mo. banc 1990). To commit the offense of robbery in the second degree, one must "forcibly steal property." RSMo § 569.030.1 (1986). For the crime of stealing from a person, one must "appropriate property of another with the purpose to deprive him of it, either without his consent or by means of deceit or coercion." RSMo § 570.030 (1986).

There is no question that the evidence supports a verdict of guilty on the second degree robbery charge; the Missouri Supreme Court has declared that snatching a valuable article from another is robbery where force is exercised in overcoming the resistance of the person robbed. *State v. Adams*, 406 S.W.2d 608, 611 (Mo.1966).

More recently, the Court of Appeals has faced this exact issue. In *State v. Harris*, 622 S.W.2d 742 (Mo.App., W.D.1981), the defendant "shoved" a security guard with her shoulder, and also pulled the stolen clothes from the guard's grasp. The court held this act employed sufficient force to support a second degree robbery charge. *Id.* at 745. Similarly, in *State v. Applewhite*, 771 S.W.2d 865 (Mo.App., E.D.1989), the defendant "pushed aside" a store manager, knocking him up against the exit as he fled. The court held this act also constituted sufficient force to support the charge

of second degree robbery. *Id.* at 868. Likewise, in *State v. Scoby,* 719 S.W.2d 916 (Mo.App., E.D.1986), the victim testified that she was pushed, and that she stumbled when the defendant, in a passing car, grabbed her purse off her shoulder. *Id.* at 917.

In the case at bar, evidence elicited by the State from four witnesses consistently indicates a struggle took place. Each witness specifically recalled Mr. Hacker and appellant tugging back and forth, however briefly, over the bag containing the deposits. Mr. Hacker was injured, however mildly, during the struggle. Appellant put on no evidence and called no witnesses. During cross-examination of the State's witnesses, appellant failed to elicit any testimony stating that no struggle accompanied the taking.

Appellant correctly asserts that if there is "substantial evidence the taking was accomplished without violence or putting in fear, an instruction submitting the lesser offense of stealing from the person ... must be given." *State v. Johnson,* 559 S.W.2d 756, 758 (Mo.App., St.L.Dist.1977). The evidence in the record, however, is uncontroverted that the taking was accomplished with some degree of violence. This was no mere purse-snatching; appellant and Mr. Hacker actually struggled over the bag. Therefore, since no evidence was elicited from any witness stating there was no struggle, an instruction on stealing from the person is not supported by the facts in the record. Point denied.

Appellant also appeals his sentence, as it was determined through application of RSMo § 558.019 (1986) to the facts in the case. Appellant charges that the provision as applied to him violates the *ex post facto* provisions of both the Missouri and U.S. Constitutions. We agree.

Appellant committed second degree robbery on October 10, 1986, approximately two and one-half months before RSMo § 558.019 became effective on January 1, 1987. The Missouri Supreme Court faced nearly identical facts in *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988). In that case, the Court decided that application of § 558.019 to criminal behavior occurring before its effective date violated the constitutional *ex post facto* provisions. *Id.* at 824–26. The new sentencing guidelines in § 558.019 clearly disadvantage appellant. *Id.* at 826. Therefore, we must remand for a hearing on sentencing consistent with appellant's constitutional rights.

Appellant's conviction is affirmed. Application of RSMo § 558.019 (1986) and sentence pursuant thereto are reversed and remanded for a new hearing regarding sentencing.

REINHARD, P.J., and CRANE, J., concur.