**STATE of Missouri, Respondent,**

v.

**Daniel E. CHILDS, III, Appellant.**

**No. WD 66672.**

Missouri Court of Appeals,
Western District.

July 22, 2008.

Frederick Joseph Ernst, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Robert J. (Jeff) Bartholomew, Office of Attorney General, Jefferson City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Daniel E. Childs ("Childs") appeals his convictions for kidnapping, forcible rape, robbery in the second degree, tampering in the first degree, and resisting arrest. In his three points on appeal, he contends that the trial court erred by improperly excluding evidence of the victim's history of drug use, overruling his motion for judgment of acquittal on the kidnapping charge for insufficient evidence, and overruling the conviction for second—degree robbery. We find that Childs failed to make a sufficient offer of proof to preserve the evidentiary issue. We also find that the State presented sufficient evidence on the kidnapping charge to establish a new danger of injury or death in addition to the one already present from the offense of forcible rape. Finally, we find that the State established that Childs used physical force to take the keys from the victim.

The judgment is affirmed.

The victim ("M.H.") was fifty—three years old at the time of the events. After attending a funeral for a friend, she took a half—pint of vodka to a park in Kansas City. She went to the park shelter because she was living with her mother who did not approve of drinking. Childs crossed the street at the park and introduced himself to M.H., commenting that she looked nice. The two talked and smoked cigarettes; Childs also smoked from a crack pipe. Childs borrowed M.H.'s lighter, and after it quit working, he asked her to drive him to a store at 27th and Brooklyn. She drove him in her 1997 Toyota Camry.

M.H. returned from the store to her car, and Childs asked if she would take him home which was close by. She drove according to his directions until he told her to stop just before an alley. Instead of exiting the car, Childs reached over the console, pushed M.H. out of the car, and drug her up the alley and into a clearing. There, he forcibly raped her and choked M.H. with his hands. When he was finished, Childs struggled with M.H. for her car keys. After getting the keys, he ran down the alley and drove off in her car.

M.H. started walking home but stopped at a home near 26th and Vine and asked the occupant to call 911. Officers called an ambulance which took M.H. to a hospital where a rape kit was done. Subsequent DNA tests showed the presence of Childs's semen. The next day, officers saw a Toyota Camry, which sped up to avoid the officers and then tried to elude them after they activated their emergency lights. After crashing the vehicle, a man, later identified as Childs, was arrested. M.H. identified Childs from a photo lineup.

Childs did not deny having sex with M.H. but claimed it was consensual in exchange for seven rocks of crack he provided M.H. At trial, Childs wanted to offer evidence by cross examination of M.H.'s alleged illicit drug use.

### Evidence of Victim's Past Drug Use

■ The first point on appeal alleges that the trial court erred in not permitting the questioning of M.H. about her history of drug use. The State contends that such evidence was inadmissible and, furthermore, that Childs did not sufficiently preserve the issue for appeal. Any review, the State argues, must be for plain error.

Decisions to admit or exclude evidence are not disturbed unless the trial court

abuses its discretion. *State v. Chaney*, 967 S.W.2d 47, 55 (Mo. banc 1998). When the issue is the exclusion of evidence, the offering party must make a sufficient offer of proof to permit the trial court to fully consider its ruling and allow the appellate court to review that decision. *State v. Tisius*, 92 S.W.3d 751, 767—68 (Mo. banc 2002).

This issue first arose on discussion of a motion in limine. The trial court indicated that it would likely sustain an objection but explicitly warned that its order was interlocutory. The trial court also reminded Childs's counsel of the need to make an offer of proof. The judge asked the State if it would stipulate to a narrative offer of proof by counsel, but Childs's attorney interrupted saying that he would prefer to do it by question and answer with the witness. The trial judge said that they would take a break at the end of M.H.'s exam so that Childs could make an offer of proof. When that break occurred, the issue again arose. Not directly indicating that he was making an offer of proof, counsel said that he expected that M.H. would testify consistently with her deposition that she had used drugs in the past but did not buy them. After indicating that it still did not believe the evidence was relevant, the trial court asked counsel if he wanted to make an offer of proof. He responded: "No, that's okay."

 The purpose of an offer of proof is two—fold. It first gives the trial court as complete information as possible about proposed testimony so that the trial court can make an informed decision about the admissibility of the testimony. And, since appellate courts review for trial court error, appellate courts require, by means of preservation rules, that the trial court first have an informed opportunity to rule dur-

ing trial and an opportunity to reconsider its ruling in a motion for new trial.

 The party who is precluded from presenting evidence bears the burden of proof to show that the evidence is relevant and admissible. *State v. Zamora*, 809 S.W.2d 83, 86 (Mo.App. W.D.1991). An offer of proof must be sufficiently specific to apprise the trial court of the specifics of the proposed evidence and demonstrate its admissibility. *State v. Townsend*, 737 S.W.2d 191, 192 (Mo. banc 1987). An offer preferably is made in question and answer format. *State v. Pisciotta*, 968 S.W.2d 185, 189 (Mo.App. W.D.1998). Although a specific narrative offer of proof summarizing the proposed testimony is acceptable in some situations,[1] *id.*, mere statements and conclusions are insufficient. *State v. Hurtt*, 836 S.W.2d 56, 59 (Mo.App. S.D. 1992). It is a risky proposition for counsel to rely on a narrative offer which may be found insufficient by a reviewing court. *Id.* Many wise trial judges ask the objecting party, as did the trial judge here, if they will agree to a narrative presentation. Even this waiver, however, is ineffective if the narrative offer does not include all of the necessary elements.

The offer of proof, even assuming one was made at all, was insufficient to demonstrate specifically what the evidence would be, the purpose and object of the evidence, and each fact essential to establishing its admissibility. *State v. Peters*, 186 S.W.3d 774, 781 (Mo.App. W.D.2006). All counsel's statement told the trial court was that M.H. had used an unspecified drug(s), an unspecified number of times, at an unspecified time in the past, and at some unspecified time she did not buy drugs. Counsel recited that he thought M.H. would testify consistently with her deposition but never offered the deposition into evidence.

1. The most likely to be accepted is one dealing with an entire class of testimony.

Thus, neither the trial judge nor this court in its reviewing function is apprised of the specifics of any of the testimony that Childs wanted to offer. Without that knowledge, it was impossible for the trial court (and this court now) to consider the possible relevancy and admissibility of the desired testimony.

■ When an inadequate offer of proof is made, the alleged error is not preserved and the claim can only be reviewed for plain error. *State v. Middleton*, 998 S.W.2d 520, 529 (Mo. banc 1999). Plain error review should be used sparingly. *State v. January*, 176 S.W.3d 187, 193 (Mo.App. W.D.2005). The alleged error must be evident, obvious, and clear, and failure to correct the error must produce an injustice or miscarriage of justice. *State v. Brethold*, 149 S.W.3d 906, 909 (Mo.App. E.D.2004). Because of the utter lack of specificity of the proposed evidence, we are unable to determine whether the court erred or that any error caused a miscarriage of justice. We decline to exercise plain error review of Point I, which is, therefore, denied.

### Sufficiency of Evidence of Kidnapping

■ In his second point, Childs contends that the State failed to prove one element of the kidnapping charge. Appellate review of the sufficiency of the evidence is limited to an evaluation of whether there was sufficient evidence for a reasonable juror to have found the defendant guilty beyond a reasonable doubt. *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). We accept as true all evidence favorable to the State, including all reasonable inferences; all contrary evidence is disregarded. *Id.* at 407—08. Believability is a question for the jury, as is the weight to be given testimony and the resolution of any conflicts or inconsis-

tencies. *State v. Gilpin*, 954 S.W.2d 570, 579 (Mo.App. W.D.1997).

■ Childs was convicted of violating section 565.110.1 providing in relevant part:

A person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of ... (4) facilitating the commission of any felony[.]

Childs correctly argues that the State's evidence must show that removal of M.H. from her car, for the purpose of forcible rape, added a new danger of injury or death to that already present from the forcible rape. "[K]idnapping is not a proper charge where the movement or confinement of the victim is only incidental to another offense." *State v. Brown*, 824 S.W.2d 924, 927 (Mo.App. W.D.1992). Childs argues that the State's evidence fails to show an increased risk to M.H. from her movement of the vehicle through the alley into a clearing in the trees.

The State argues that a reasonable inference from the evidence is that Childs dragged M.H. up an alley to a clearing to shield his attack from the eyes of the public and allow him privacy to rape her. The State points to cases such as *State v. Tomlin*, 864 S.W.2d 364 (Mo.App. E.D. 1993). There, the assailant grabbed the victim on the street, in broad daylight and forced her into a nearby house to sexually assault her. *Id.* at 365. The court found that the movement of the victim to a more secluded spot decreased the likelihood of witnesses and interruption, and increased the ability to prolong the attack and make it more violent. The movement was not, therefore, incidental but, in fact, facilitated the commission of the attempted sodomy. *Id.* at 367. And in *State v. Williams*, 860

S.W.2d 364 (Mo.App. E.D.1993), the defendant pushed the victim into a car and attempted to rape her. The court found that pushing her into the car made her escape more difficult and decreased the likelihood of observance by witnesses. *Id.* at 366. Childs argues that *Williams* actually supports his position because he already had M.H. in the car. His argument misses the point. Childs did not remove M.H. from a secluded spot to a more public spot such as the street or sidewalk. He moved her from one partially protected spot to a more private spot.

Point denied.

### Sufficiency of Evidence to Show Force Necessary for Second Degree Robbery

 Childs's final point is that the State failed to present sufficient evidence to prove that he used force against M.H. for the purpose of overcoming her resistance to his taking of her keys. The standard of review is the same as discussed in Point II above. Robbery in the second degree occurs when a person forcibly steals property. Section 569.030.1. Forcible stealing is defined in section 569.010(1)(a), as occurring when:

> [H]e uses or threatens the immediate use of physical force upon another person for the purpose of ... [p]reventing or overcoming resistance to the taking of property or to the retention of property immediately after the taking[.]

The sudden taking or snatching of property is not sufficient to support a second—degree robbery conviction. Where there is no evidence of physical contact with the victim, nor evidence that the defendant struggled with or caused an injury to the victim, there is not sufficient evidence of the use of force. *State v. Tivis*, 884 S.W.2d 28, 30 (Mo.App. W.D.1994). M.H.

testified that the following occurred after the rape concluded:

> Okay, and then he was ... and then, that's when I realized that he was going to take my car. Okay? Because my keys was like halfway in my hand because I had a grip on them, but I knew I couldn't hold them from him, you know because it was just a big ring. And we kind of *tussled* for the keys. After he got the keys he just ran down the alley and got in the car. (Emphasis added.)

"Tussle" means "to fight, struggle; contend, ... wrestle, scuffle." *Webster's New World College Dictionary*, 1545 (4th ed.2002).

We find that the State established that Childs used physical force to take the keys from M.H. Point denied.

HAROLD L. LOWENSTEIN, Judge, and THOMAS H. NEWTON, Judge, concur.