**STATE of Missouri, Respondent,**

v.

**Jonathan D. HENDERSON, Appellant.**

**No. SD 29944.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 13, 2010.

Rosalynn Koch, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Appellant, a persistent offender[1] serving probation for robbery, was charged with robbing eight convenience stores. After waiving a jury, he was acquitted on Count VII and found guilty of the others. We affirm six convictions, but reverse and remand as to Count V.

### Background

Robbery is stealing by force. *See State v. Jolly,* 820 S.W.2d 734, 735 (Mo. App.1991); § 569.030.1. As relevant here, "forcible" stealing means a threat or use of immediate physical force to (1) compel stolen property to be delivered up, or (2) prevent or overcome resistance to its taking or retention. § 569.010(1).

As to Counts I, II, III, IV, VI, and VIII, the trial court specifically found that Appellant struggled with or used force against each store clerk in stealing the money. Appellant concedes the sufficiency of the evidence supporting those convictions, so we need not detail those six crimes.

The two points on appeal focus on the evidence and guilty finding as to Count V. The evidence on that count was that Appellant entered an Express Lane store about midnight, got a beverage from the cooler, approached the counter, and handed the clerk a $5 bill. According to the clerk, she opened the cash register and

---

1. *See* § 558.016. Statutory references are to RSMo 2000.

Appellant "jumped up over and went to grab money out."[2] He "kind of brushed" her arm, she "jerked back," and he grabbed money and fled. Per store policy, the clerk did not resist, nor did Appellant hit, grab, pull, or use any force against her. She "kind of stepped back a little ways and just let him do what he was doing," and there was no struggle.

At trial, Appellant agreed he was guilty of stealing on this count, but argued that "he did not rob anybody." The trial court noted that the clerk "did not fight back. She backed away from the register. She couldn't remember for sure if there was contact or not, but she backed away because she had been trained to back away." Nonetheless, the court found that robbery had occurred:

In this case, the defendant did put his hand into the cash register when opened by the clerk. The act of the defendant reaching into the drawer is an act of actual force. Without him putting his hands into the drawer, he would not be able to steal that money.

That—The drawer was in the possession of the victim. The victim would not have had—would not have had to have given the money to him except his actions was that he took the money. She had been trained not to resist if someone was robbing the store. And this is a robbery, not a shoplifting that escalated to a robbery.

In the State versus Jolly case, the defendant was convicted of robbery when he pulled the bank bag from the grip of the clerk without ever touching the clerk. This case is figuratively similar because the drawer belonged to the clerk. And when she is in possession of

that, he has to reach in and take money from that drawer, which is the same as taking the bank bag from the person. And that clerk only relented to him putting his hand in the drawer and backing away because of that threat of force of the defendant, that he was going to take the money.

## Point I

■ Point I seeks to reverse all seven robbery convictions. Appellant claims the trial court used an erroneous legal standard, citing its Count V finding that "reaching into the [cash] drawer" was adequate force for robbery. Appellant concedes the trial court "did specifically articulate evidence of struggles when it rendered its findings" on other counts, and those convictions "could have been justified even under a correct standard." "Nevertheless," Appellant urges, "despite the existence of sufficient evidence, if the findings were made under an incorrect legal standard," none of the convictions can stand.

The State maintains that Point I should be denied as to Counts I, II, III, IV, VI, and VIII, given the evidence and court findings that Appellant struggled with or used force against these clerks. However, the State would grant Point I as to Count V, arguing that "the mere taking or snatching of property is not sufficient," and "[f]or the purpose of finding Appellant guilty under Count V, the trial court interpreted *Jolly* as being satisfied by Appellant reaching into a drawer that was in the possession of the cashier."

### Counts I, II, III, IV, VI, and VIII

We agree with the State that the Count I, II, III, IV, VI, and VIII convictions

---

**2.** From the clerk's other testimony and surveillance videos admitted into evidence, it is plain that Appellant did not jump across or otherwise cross over to the clerk's side of the counter. He simply reached across the counter, grabbed money from the cash drawer, and ran.

should be affirmed. All were based on express findings of force that are unchallenged by Appellant and supported by the record. The trial court knew force was needed for a robbery conviction; its reference to *Jolly* related solely to Count V.

### Count V

We also agree that the trial court's analogy to *Jolly* was flawed. There, a bank employee was carrying bank deposits when the defendant "grabbed the bag and pulled with both hands." 820 S.W.2d at 735. The victim's fingernail was ripped off in the struggle, but the defendant did not touch, threaten, or try to strike the victim. *Id.* The robbery conviction was affirmed because "a struggle took place." *Id.* at 736. The taking "was accomplished with some degree of violence. This was no mere purse-snatching; [the parties] actually struggled over the bag." *Id.*[3]

These quotes show the error in equating Count V with *Jolly.* Count V was essentially a snatching; the defendant and victim in *Jolly* "actually struggled" during the theft.

Count V is more like *State v. Tivis,* 884 S.W.2d 28 (Mo.App.1994). Defendant Tivis "yanked" a purse from a woman's shoulder, but "did not threaten her with physical force, there was no struggle over the purse, Tivis did not touch her and she was not injured." *Id.* at 29.

Tivis did not express any threat against Ms. Tagel and the only evidence

of force was that the purse was "yanked" from her shoulder. However, Ms. Tagel specifically testified that there was no struggle over the purse. Tivis grabbed the strap of the purse and took it from her shoulder without touching or injuring Ms. Tagel. The evidence is insufficient to support Tivis' conviction for robbery in the second degree.

*Id.* at 30. Contrast *State v. Childs,* 257 S.W.3d 655, 660 (Mo.App.2008) (distinguishing *Tivis* and affirming robbery conviction where defendant "tussled" with victim for her car keys, then stole her car).[4]

There was evidence that the clerk's arm was "brushed" during the Count V theft. This was *de minimus* contact incidental to the money snatch, not a threat or use of force to overcome resistance. The trial court did not base the Count V conviction on it, nor could we. *Compare Tivis,* 884 S.W.2d at 30 (victim specifically testified that there was no struggle) with similar testimony here.

Thus, we reverse the Count V conviction. This moots Point II of the appeal, which seeks to reverse the same conviction for insufficient proof of force.

### Conclusion

The Count I, II, III, IV, VI, and VIII convictions are affirmed. We reverse the Count V conviction, and inasmuch as Appellant admitted he was guilty of stealing

---

3. Although *Jolly's* conviction was affirmed, the case was remanded for resentencing under a separate point of error. *Id.*

4. The State cites *Childs* and other cases to support its view that forcible stealing requires "only a minimal level of force." Since the State is urging us to reverse and remand Count V nonetheless, we note these cases solely for the reader's benefit. *See Hughes v. State,* 204 S.W.3d 376, 381 (Mo.App. 2006)(guilty plea admission that defendant

"struggled" with store personnel while trying to escape with stolen goods); *State v. Applewhite,* 771 S.W.2d 865, 867–68 (Mo.App.1989)(pushing store manager aside, knocking him up against a door, and knocking his hands away as he tried to grab defendants); *State v. Harris,* 622 S.W.2d 742, 744–45 (Mo.App.1981)(shoving security guard with shoulder, "not an accidental bump," and pulling stolen clothes from guard's grasp).

on that count, we remand for further proceedings. *See Tivis*, 884 S.W.2d at 31–32.

LYNCH, P.J., and RAHMEYER, J., concur.