

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101944 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Warren County |
| vs. | ) | |
| | ) | |
| JAMES W. LEWIS, | ) | Hon. Wesley Dalton |
| | ) | |
| Appellant. | ) | FILED: April 28, 2015 |

## OPINION

James Lewis appeals the trial court's judgment after a jury convicted him of second-degree robbery and resisting arrest. We affirm the judgment of Lewis's convictions and sentences and remand the case with instructions to the trial court to correct *nunc pro tunc* a clerical error in the written judgment.

## Background

At 10:30 p.m. on April 6, 2014, Lee Ann Wise was standing at her car in a grocery store parking lot when Lewis approached her from behind, stole her purse, and ran away. Police Officer Houston heard the dispatch and was in the area. He soon spotted Lewis and attempted to stop him. Lewis fled and was apprehended by a cyclist until Houston caught up. Lewis continued to resist arrest as Houston attempted to secure him in handcuffs. Wise's purse was later recovered nearby.

The State charged Lewis with second-degree robbery and resisting arrest. At trial, Wise testified that Lewis "bumped" her shoulder and "yanked" her purse away from her. Another witness testified that he "nudged" her. A third witness testified that there was a "slight" struggle. Houston testified that Lewis had outstanding warrants. During closing arguments, defense counsel suggested that Lewis might have fled from Houston due to those warrants and not the robbery. In rebuttal argument, the State disclosed that the warrants were traffic-related, though that fact wasn't in evidence.

The jury found Lewis guilty of both counts. The trial court sentenced him as a prior and persistent offender to consecutive prison terms of 30 years for robbery and 7 years for resisting arrest. On appeal, Lewis asserts that the trial court erred by: (1) denying his motion for acquittal, because the evidence was insufficient to establish that he used physical force, an element of robbery, and (2) failing to declare a mistrial or give a curative instruction after the State's disclosure about Lewis's warrants.

As a clerical matter, the trial court's written judgment omitted its factual finding, supported by the record, that Lewis was not only a prior offender but also a persistent offender. The State requests correction of the written judgment *nunc pro tunc* to accurately reflect Lewis's status as a prior *and* persistent offender.

**Analysis**

*Physical Force*

First, Lewis contends that the evidence was insufficient to prove that he used physical force. Our review is limited to "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Bateman, 318 S.W.3d 681,

2

687 (Mo. 2010). The Court does not act as a super juror with veto powers but gives great deference to the trier of fact, accepting as true all evidence and inferences favorable to the state and disregarding those to the contrary. Id.

"A person commits the crime of robbery in the second degree when he forcibly steals property." §569.030. A person forcibly steals when he:

> Uses or threatens the immediate use of physical force upon another person for the purpose of (a) preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking or (b) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

§569.010(1). Applicable precedent illustrates the fact-specific nature of the inquiry. In State v. Adams, the Supreme Court of Missouri explained, "snatching a valuable article from another is robbery where force is exercised in overcoming the resistance of the person robbed or in detaching the article taken where it is fastened to the clothing or person of the victim, but where the article is merely snatched from the hand of another the offense is stealing and not robbery."

In State v. Tivis, 884 S.W.2d 28 (Mo. App. W.D. 1994), the defendant yanked a purse from the victim's shoulder by the strap, but there was no threat or use of force, no struggle, and no touching or injury, so the evidence was insufficient to support a robbery charge. In State v. Henderson, 310 S.W.3d 307 (Mo. App. S.D. 2010), the defendant reached across a counter at a convenience store and grabbed cash from the register drawer. Although the defendant brushed the clerk's arm as he reached, such contact was deemed *de minimus* and incidental to the money snatch and not sufficient to constitute physical force under the statute. Id. at 309.

By contrast, in <u>State v. Butler</u>, 719 S.W.2d 35 (Mo. App. E.D. 1986), the defendant grabbed a woman's purse by the strap around her arm such that her finger was hurt. Similarly in <u>State v. Rice</u>, 937 S.W.2d 296 (Mo. App. E.D. 1996), the defendant "jerked" a purse from a woman's shoulder with enough force to break the strap and cause pain to the shoulder. In <u>State v. Jolly</u>, 820 S.W.2d 734 (Mo. App. E.D. 1991), the defendant and victim had a "tug of war" over a bank deposit bag, and the victim's fingernail was ripped off in the struggle. In <u>State v. Childs</u>, 257 S.W.3d 655 (Mo. App. W.D. 2008), the parties "tussled" over car keys. In these cases, the facts supported a finding of force.

In sum, where there was no physical contact, no struggle, and no injury, courts have found the evidence insufficient to support a robbery conviction. <u>Childs</u>, 257 S.W.3d at 660. But where one or more of those circumstances is present, a jury reasonably could find a use of force. Here, the jury heard the testimony of three witnesses. The victim, Wise, testified:

> A: I had my hand on my purse and the subject walked up behind me and bumped me in the shoulder a little bit, reached over in front of me, grabbed my purse, and just took off running. … My purse was in the child seat of the [grocery] cart. I had my hand on it because I was about to pick it up and put it into my car.
>
> Q: So there wasn't a struggle over the purse like a tug of war?
>
> A: I did have my hand on the purse and he did yank it out of my hand, but it happened so fast.

Witness Garza-Peña was in the parking lot and saw the entire incident. She testified:

> A: The gentleman came, nudged her, took the purse, and ran around the corner.

Witness Steigman was in the parking lot and heard Wise yell for help. She testified:

4

A: I turned around and I saw this guy. Her purse was on her arm and she was going like this and the guy was trying to go the other way and push it off her arm, slide it off her arm, which obviously he did and he took off running.

Q: Was there a prolonged struggle over the purse where they were yanking back and forth like a tug of war?

A: Slightly, slightly, but he got it - he got away with it pretty quickly.

Lewis argues that the single yank was insufficient force, as held in Tivis, where no physical contact or struggle occurred. Here, however, there was also a bump to Wise's shoulder. Lewis then argues that the bump was *de minimus* contact as in Henderson. But, in Henderson, the defendant removed cash from the register and not directly from the clerk's hand, so there was no physical contact or yank, and there was no struggle. Here, by contrast, the features of Tivis and Henderson are compounded. The bump to Wise's shoulder not only came from behind but also was combined with a slight struggle and yank of the purse from Wise's person. Viewing the witnesses' testimony in the light most favorable to the verdict and mindful that our standard of review demands great deference to the fact finder, we conclude that the evidence was sufficient for the jury to find that Lewis used enough force to prevent or overcome Wise's resistance as contemplated in §569.010(1). Point denied.

*Closing Argument*

In closing arguments, defense counsel theorized that Lewis attempted to evade Houston and avoid arrest because of his outstanding warrants and not in connection with the robbery. The State rebutted that theory by revealing that Lewis's warrants were merely traffic-related (implying that they didn't justify Lewis's flight), though that particular fact was not in evidence. For his second point, Lewis submits that the trial

5

court erred by failing to declare a mistrial or give a curative instruction *sua sponte* in light of the State's disclosure.

"The State has wide latitude in closing arguments, but closing arguments must not go beyond the evidence presented; courts should exclude "statements that misrepresent the evidence or the law, introduce irrelevant prejudicial matters, or otherwise tend to confuse the jury." State v. Deck, 303 S.W.3d 527, 543 (Mo. 2010). However, a "prosecutor may retaliate to an issue raised by the defense even if the prosecutor's comment would be improper." State v. Sanchez, 186 S.W.3d 260, 265 (Mo. 2006). Such was the case here. The State's argument specifically responded to counsel's suggestion that Lewis fled only because of his outstanding warrants and not the robbery.

Moreover, defense counsel didn't object to the argument, so this point isn't properly preserved, as Lewis concedes. In reviewing for plain error under Rule 30.20, first we determine whether a clear and obvious error occurred; if so, then we examine whether manifest injustice or a miscarriage of justice resulted. State v. White, 247 S.W.3d 557, 561 (Mo. App. E.D. 2007). "Plain error relief is rarely appropriate for claims involving closing arguments because the decision to object is often a matter of trial strategy." Deck, 303 S.W.3d at 541. "Closing arguments must be examined in the context of the entire record." Id. "Under plain error review, a conviction will be reversed for improper closing argument only when it is established that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice." Id. "The burden to prove decisive effect is on the appellant." Id.

Lewis has not carried that burden here. Viewing the entire record, there was ample evidence identifying Lewis as the perpetrator. We see no reasonable probability

that the outcome of the trial would have differed if only the jury hadn't known of the precise nature of Lewis's outstanding warrants. Point denied.

### Conclusion

The evidence of physical force was sufficient to support the robbery conviction, and the State's closing argument did not result in manifest injustice. We affirm the trial court's judgment of conviction and sentence. We remand the case with instructions to the trial court to correct *nunc pro tunc* its written judgment to reflect its finding that Lewis was both a prior offender and a persistent offender. See State v. Carroll, 207 S.W.3d 140 (Mo. App. E.D. 2006) (affirming and remanding with instructions to enter amended judgment *nunc pro tunc* to correct defendant's prior and persistent status).

CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Lisa Van Amburg, J., dissents in separate opinion.

7



# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

STATE OF MISSOURI,                    )        No. ED101944
                                      )
    Plaintiff/Respondent,          )        Appeal from the Circuit Court of
                                      )        Warren County
vs.                                   )
                                      )        Honorable Wesley Dalton
JAMES W. LEWIS,                       )
                                      )        Filed: April 28, 2015
    Respondent/Appellant.          )

## DISSENT

I respectfully dissent. The majority fairly lays out the trial evidence and testimony, which in my opinion, does not support a verdict of robbery in the second degree. Victim testified that Lewis snatched the purse from her hand without a struggle, threat or use of force, and without injury. Specifically, she testified that she had her hand on her purse, which was inside her shopping cart, when Lewis "bumped [her] in the shoulder a little bit, reached over in front of [her], grabbed [her] purse, and just took off running." When asked whether there was a struggle, the victim answered only that she "did have [her] hand on the purse and he did yank it out of [her] hand [in one yank] . . . ."

On these facts, I find controlling the cases of State v. Adams, 406 S.W.2d 608 (Mo. 1966), State v. Tivis, 884 S.W.2d 28 (Mo. App. W.D. 1994), and State v. Henderson, 310 S.W.3d 307 (Mo. App. S.D. 2010). As the majority concedes, Adams and Tivis stand for the

proposition that yanking or snatching an article from a victim's hand or shoulder, in the absence of a struggle, threat of force or injury, is insufficient to prove forcible stealing. See Adams, 406 S.W.2d at 610; Tivis, 884 S.W.2d at 30. The majority finds relevance, however, in the fact that in the process of grabbing her purse from her hand, Lewis bumped Victim from behind. The majority concludes that such contact, together with another witnesses' testimony of a "slight, slight" struggle, was sufficient to prove that Lewis forcibly stole the victim's purse. I disagree.

As to Lewis "bumping" the victim while reaching to grab the purse, I believe Henderson controls. In Henderson a defendant's action in "brushing" a clerk's arm while reaching for money from the cash register was held to be de minimis "contact incidental to the money snatch . . . ." 310 S.W.3d at 309. The majority argues Henderson is distinguishable because the bumping was from behind and he took the purse from her hand. I find no authority for this distinction.

Victim testified that Lewis "bumped" into her back in the process of reaching for her purse. Witness Garza-Peña testified that Lewis "nudged" Victim, took the purse and ran. Regardless of whether such contact is characterized as a bump or nudge, the testimony of Victim and Garza-Peña establishes only that this contact was fleeting, and "incidental" to Lewis's effort to grab the purse. Witness Steigman claimed that she saw the purse on Victim's arm (not in the shopping cart,) and she saw Lewis "trying to go the other way and push it off her arm, slide it off her arm, which obviously he did and he took off running." When asked directly whether there was "a prolonged struggle over the purse where they were yanking back and forth like a tug of war?" Steigman ambiguously replied "slightly, slightly, but he got it – he got away with it pretty quickly."

Applying the reasoning of <u>Adams</u> and <u>Tivis</u>, there is insufficient evidence here of forcible stealing, regardless of whether Lewis yanked the purse from Victim's hand, arm, or shopping cart, or "slid" it off her arm. Victim's testimony is clear and unambiguous, and does not support a finding of force, while Steigman's and Garza-Pena's testimony is wholly unclear as to whether there was more than de minimis contact. In the context of the State's evidence, therefore, even when viewed in the light most favorable to the verdict, the record fails to support the conclusion that Lewis used physical force in snatching Victim's purse.

I would therefore reverse the robbery conviction and remand for trial on a lesser offense of stealing. <u>See</u> <u>Patterson v. State</u>, 110 S.W.3d 896, 901 (Mo. App. W.D. 2003) ("A lesser-included offense of second degree robbery is stealing.").

Lisa S. Van Amburg, Judge