DISSENT

Lisa S. Van Amburg, Judge
I respectfully dissent. The majority fairly lays out the trial evidence and testimony, which in my opinion, does not support a verdict of robbery in the second degree. Victim testified that Lewis snatched the purse from her hand without a struggle, threat or use of force, and without injury. Specifically, she testified that she had her hand on her purse, which was inside her shopping cart, when Lewis “bumped [her] in the shoulder a little bit, reached over in front of [her], grabbed [her] purse, and just took off running.” When asked whether there was a struggle, the victim answered only that she “did have [her] hand on the purse and he did yank it out of [her] hand [in one yank]....”
On these facts, I find controlling the cases of State v. Adams, 406 S.W.2d 608 (Mo.1966). State v. Tivis, 884 S.W.2d 28 (Mo.App.W.D.1994), and State v. Henderson, 310 S.W.3d 307 (Mo.App.S.D.2010). As the majority concedes, Adams and Tivis stand for the proposition that yanking or snatching an article from a victim’s hand or shoulder, in the absence of a struggle, threat of force or injury, is insufficient to prove forcible stealing. See Adams, 406 S.W.2d at 610; Tivis, 884 S.W.2d at 30. The majority finds relevance, however, in the fact that in the process of grabbing her purse from her hand, Lewis bumped Victim from behind. The majority concludes that such contact, together with another witnesses’ testimony of a “slight, slight” struggle, was sufficient to prove that Lewis forcibly stole the victim’s purse. I disagree.
As to Lewis “bumping” the victim while reaching to grab the purse, I believe Henderson controls. In Henderson a defendant’s action in “brushing” a clerk’s arm while reaching for money from the cash register was held to be de minimis “contact incidental to the money snatch.... ” 310 S.W.3d at 309. The majority argues Henderson is distinguishable because the bumping was from behind and he took the purse from her hand. I find no authority for this distinction.
Victim testified that Lewis “bumped” into her back in the process of reaching for her purse. Witness Garza-Peña testified that Lewis “nudged” Victim, took the purse and ran. Regardless of whether such contact is characterized as a bump or nudge, the testimony of Victim and Garza-Peña establishes only that this contact was fleeting, and “incidental” to Lewis’s effort to grab the purse. Witness Steigman claimed that she saw the purse on Victim’s arm (not in the shopping cart,) and she saw Lewis “trying to go the other way and push it off her arm, slide it off her arm, which obviously he did and he took off running.” When asked directly whether there was “a prolonged struggle over the purse where they were yanking back and forth like a tug of war?” Steigman ambig *635 uously replied “slightly, slightly, but he got it — he got away with it pretty quickly.”
Applying the reasoning of Adams and Tivis, there is insufficient evidence here' of forcible stealing, regardless of whether Lewis yanked the purse from Victim’s hand, arm, or shopping cart, or “slid” it off' her arm. Victim’s testimony is clear and unambiguous, and does not support a finding of force, while Steigman’s and Garza-Peña’s testimony is wholly unclear as to whether there was more than de minimis contact. In the context of the State’s evidence, therefore, even when viewed in the light most favorable to the verdict, the record fails to support the conclusion that Lewis used physical force in snatching Victim’s purse.
I would therefore reverse the robbery conviction and remand for trial on a lesser offense of stealing. See Patterson v. State, 110 S.W.3d 896, 901 (Mo.App.W.D.2003) (“A lesser-ineluded offense of second degree robbery is stealing.”).