GRUENDER, Circuit Judge,
dissenting.
The question in this case is whether Bell’s second-degree robbery conviction qualifies as a crime of violence under United States Sentencing Guidelines Manual (“U.S.S.G.”) § 2K2.1(a)(4)(A) and § 4B1.2(a)(l). In my view, it does, as Missouri second-degree robbery necessarily requires the type of violent force described by the Supreme Court in Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Because the court reaches a contrary conclusion, I respectfully dissent.
The court relies on dicta from a single case to conclude that Missouri second-degree robbery does not necessarily require force capable of causing physical pain or injury to another person. See State v. Lewis, 466 S.W.3d 629, 632 (Mo. Ct. App. 2015). The court latches on to two sentences in State v. Lewis: “In sum, where there was no physical contact, no struggle, and no injury, [Missouri] courts have found the evidence insufficient to support a [second-degree] robbery conviction. But where one or more of those circumstances is present, a jury reasonably could find a use of force.” Id. at 632 (citations omitted) (emphasis added). The court then focuses solely on how physical contact does not meet the force requirement in Johnson. See Johnson, 559 U.S. at 140, 130 S.Ct. 1265 (“[T]he phrase ‘physical force’ means ..." force capable of causing physical pain or injury to another person.”).
In focusing on this dicta, the court loses sight of the holding of Lems. See 466 S.W.3d at 631-33. For second-degree robbery to qualify as a crime of violence, the use or threatened use of force in the course of stealing property from a person must be, at a minimum, “capable” of causing pain or injury to that person. See Johnson, 559 U.S. at 140, 130 S.Ct. 1265. Lems does not hold otherwise. To the contrary, the Missouri Court of Appeals reaffirmed the longstanding definition of second-degree robbery as “enough force to prevent or overcome ... resistance,” 466 S.W.3d at 633, and upheld Lewis’s second-degree robbery conviction when he bumped the victim from behind, momentarily struggled with her, and then yanked the purse out of her hands, id. These actions are akin to “a slap in the face” and therefore meet the Johnson standard. Johnson, 559 U.S. at 143, 130 S.Ct. 1265.
Despite the court’s opposite interpretation, Lewis does riot deal primarily with physical contact but with actions that as a whole are “capable of causing physical pain or injury to another person.” Id. at 140, 130 S.Ct. 1265. The. dicta in Lems—uncon-nected from its facts—cannot overcome the consistent line of Missouri second-de *970 gree robbery cases requiring force capable of preventing or overcoming resistance. In fact, Lewis cites to these exact cases. See State v. Childs, 257 S.W.3d 655, 660 (Mo. Ct. App. 2008) (finding that a “tussle” satisfied the elements of a robbery because “tussling” means fighting, struggling, contending, wrestling, and scuffling); State v. Tivis, 884 S.W.2d 28, 30 (Mo. Ct. App. 1994) (concluding that “yanking” a purse off a victim’s shoulder is insufficient to prove second-degree robbery without a struggle or injury); State v. Butler, 719 S.W.2d 35, 37 (Mo. Ct. App. 1986) (upholding second-degree robbery where Butler grabbed a woman’s purse and injured her finger). Lewis does not provide a “realistic probability” that Missouri will apply its second-degree robbery statute to conduct falling short of violent force: See Moncrieffe v. Holder, - U.S. -, 133 S.Ct. 1678, 1685, 185 L.Ed.2d 727 (2013) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)). Because a “theoretical possibility” is not enough, the district court should be affirmed. See id.
Even if Lewis could be read to allow for a second-degree robbery conviction based on conduct falling short of violent force, our decision in United States v. Roblero-Ramirez requires' that we analyze state law at the time of the conviction. 716 F.3d 1122, 1127 (8th Cir. 2013). Doing so leads to the conclusion that Missouri second-degree' robbery qualifies as a crime of violence.
In Roblero-Ramirez, we reversed a sentencing enhancement for a crime of violence because Roblero-Ramirez’s 2006 Nebraska conviction for manslaughter required only unintentional conduct, while generic federal manslaughter required intentional or reckless conduct. 716 F.3d at 1126-27. However, to reach this conclusion, we relied on the fact that when Roblero-Ramirez was convicted of manslaughter in 2006, state law did not require proof of intent. Id. While the Nebraska Supreme Court later held that manslaughter required intent, “[that] interpretation was not Nebraska law when Roblero-Ramirez was convicted in 2006.” Id. at 1127. Thus, we reversed.
Roblero-Ramirez is important because Lewis, was decided in 2015, well after Bell’s conviction for second-degree robbery in 2001. As noted above, at the time of Bell’s 2001 conviction, Missouri second-degree robbery cases required force capable of preventing or overcoming resistance. See also Brown v. Schnuck Markets, Inc., 973 S.W.2d 530, 533 n.1 (Mo. Ct. App. 1998) (“Some purse snatchings involve sufficient force to constitute robbery in the second degree; in others, there is no violence.”) (quoting Brown v. Nat’l Super Markets, Inc., 731 S.W.2d 291, 294 (Mo. Ct. App. 1987)). In fact, Lewis is the only Missouri case to include language implying mere physical contact suffices for robbery in the second degree. See 466 S.W.3d at 632. Therefore, at the time of Bell’s conviction, there was no realistic probability that Missouri applied its second-degree robbery statute to conduct falling short- of violent force. Even if Lewis stood for the proposition the court suggests, we should affirm the district court based on Missouri law at the time of Bell’s conviction.
For the foregoing reasons, I respectfully dissent.