# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1797

_____

United States of America,

*Plaintiff - Appellee,*

v.

Hosea Latron Swopes,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2017
Filed: March 29, 2018 (Corrected March 29, 2018)

_____

Before SMITH, Chief Judge, WOLLMAN, LOKEN, MELLOY, COLLOTON, GRUENDER, BENTON, SHEPHERD, and KELLY, Circuit Judges, En Banc.[1]

_____

COLLOTON, Circuit Judge.

This appeal presents the question whether Hosea Swopes's prior conviction for second-degree robbery in Missouri is a "violent felony" under the Armed Career

---

[1]Judge Erickson, Judge Grasz, and Judge Stras did not participate in the consideration or decision of this matter.

Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We conclude that the district court[2] properly classified Swopes's robbery conviction as a violent felony, and we overrule the panel decision to the contrary in *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016).

I.

Hosea Swopes pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). The district court concluded that Swopes was subject to an enhanced sentence under the ACCA. The ACCA establishes a minimum term of fifteen years' imprisonment for unlawful possession of a firearm by a previously convicted felon who has sustained three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e). The district court cited Swopes's prior Missouri convictions for unlawful use of a weapon, second-degree robbery, and first-degree robbery as three violent felonies.

Swopes argued in his opening brief on appeal that unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4), is not a violent felony. After the case was submitted, Swopes filed a supplemental brief to argue, based on the intervening circuit precedent of *Bell*, that second-degree robbery, in violation of Mo. Rev. Stat. § 569.030.1 (1979), also does not qualify. The panel concluded that *Bell* was controlling and vacated Swopes's sentence on the ground that second-degree robbery was not a violent felony under circuit precedent. The government then petitioned for rehearing en banc and urged the court to reconsider *Bell*. The court granted the petition and vacated the panel decision.

---

[2]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

II.

Swopes was convicted in 1994 of second-degree robbery under Mo. Rev. Stat. § 569.030.1 (1979). Under that statute, a person commits second-degree robbery "when he forcibly steals property." *Id.* A person "forcibly steals" when, in the course of stealing:

> he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]

Mo. Rev. Stat. § 569.010(1) (1979).[3]

The ACCA defines "violent felony" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). "[P]hysical force" means "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Under the categorical approach that governs analysis of the ACCA, we focus on the elements of the state statute and consider whether a violation necessarily satisfies the federal definition of violent felony. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Therefore, Swopes's conviction for second-degree robbery is a conviction for a "violent felony" only if a conviction under Mo. Rev. Stat. § 569.030.1 (1979) requires the use, attempted use, or threatened use of such force.

---

[3]Effective January 1, 2017, Missouri amended its second-degree robbery statute to require "physical injury to another person." Mo. Rev. Stat. § 570.025.1. This opinion addresses only the second-degree robbery statute in effect when Swopes was convicted in 1994.

-3-

Missouri second-degree robbery has as an element the use of physical force upon another person or the threat of an immediate use of such force. Mo. Rev. Stat. § 569.010(1) (1979). In *Bell*, however, a panel of this court determined that Missouri second-degree robbery was not a "crime of violence" under the United States Sentencing Guidelines, which encompasses an offense punishable by a year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a). *See* 840 F.3d at 966-67. The panel rested its holding on *State v. Lewis*, 466 S.W.3d 629 (Mo. Ct. App. 2015), where a Missouri court upheld a conviction for second-degree robbery when the defendant snatched a victim's purse after a "slight" struggle. *Id.* at 631. *Bell* placed particular emphasis on the following *dicta* from *Lewis*:

> In sum, where there was no physical contact, no struggle, and no injury, [Missouri] courts have found the evidence insufficient to support a [second-degree] robbery conviction. But where one or more of those circumstances is present, a jury reasonably could find a use of force.

*Id.* at 632 (citation omitted). *Bell* interpreted *Lewis* to mean that a defendant in Missouri "can be convicted of second-degree robbery when he has physical contact with a victim but does not necessarily cause physical pain or injury." 840 F.3d at 966. On that basis, the court reasoned that "there is at least a 'reasonable probability' Missouri could apply its statute (or already has) to conduct falling short of violent force." *Id.*

In applying the categorical approach under the ACCA, we examine both the text of the statute and how the state courts have applied the statute. Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, "there must be a 'realistic probability, not a theoretical possibility,'" that the statute encompasses conduct that does not involve use or threatened use of violent force. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-*

*Alvarez*, 549 U.S. 183, 193 (2007)); *see Fletcher v. United States*, 858 F.3d 501, 507 (8th Cir. 2017).

We now conclude that the Missouri second-degree robbery statute under which Swopes was convicted requires the use or threatened use of violent force. The court in *Bell* relied on "dicta from a single case to conclude that Missouri second-degree robbery does not necessarily require force capable of causing physical pain or injury to another person." *Bell*, 840 F.3d at 969 (Gruender, J., dissenting). The offense in *Lewis* itself, however, *did* involve the use of violent force: The court "upheld Lewis's second-degree robbery conviction when he bumped the victim from behind, momentarily struggled with her, and then yanked the purse out of her hands." *Id.* (citing *Lewis*, 466 S.W.3d at 633). A blind-side bump, brief struggle, and yank—like the "slap in the face" posited by *Johnson*, 559 U.S. at 143—involves a use of force that is capable of inflicting pain. The *holding* of *Lewis* thus supports the view that Missouri second-degree robbery requires the use or threatened use of violent force.

*Lewis* is consistent with Missouri precedent holding that second-degree robbery requires the use of "force capable of preventing or overcoming resistance." *Bell*, 840 F.3d at 969-70 (Gruender, J., dissenting). In *State v. Childs*, 257 S.W.3d 655 (Mo. Ct. App. 2008), for example, the court upheld a second-degree robbery conviction when there was a "[t]ussle" between the defendant and the victim. *Id.* at 660. The court emphasized that to "tussle" means to fight, struggle, contend, wrestle, or scuffle, and distinguished "tussling" from "[t]he sudden taking or snatching of property." *Id.*; *see also State v. Jolly*, 820 S.W.2d 734, 736 (Mo. Ct. App. 1991) (upholding second-degree robbery conviction after noting that the offense was no "mere purse snatching" because it involved a struggle and victim's fingernail was ripped off); *State v. Applewhite*, 771 S.W.2d 865, 868 (Mo. Ct. App. 1989) (upholding second-degree robbery conviction where defendant intentionally pushed a store manager out of his way and knocked him against a door); *State v. Butler*, 719 S.W.2d 35, 37 (Mo. Ct. App. 1986) (upholding second-degree robbery conviction where defendant grabbed

a woman's purse and injured her finger).  By contrast, the court in *State v. Tivis*, 884 S.W.2d 28 (Mo. Ct. App. 1994), reversed a conviction for second-degree robbery where the defendant merely "grabbed the [victim's] purse by its strap, took it from her shoulder and ran off," *id.* at 29, because there was no use or threatened use of physical force.  *Id.* at 29-30; *see also State v. Henderson*, 310 S.W.3d 307, 309 (Mo. Ct. App. 2010) (reversing a second-degree robbery conviction where defendant merely "brushed" a clerk's arm during the course of a theft).

The text of the Missouri second-degree robbery statute at issue here requires proof that a defendant used physical force or threatened the immediate use of physical force.  *See* Mo. Rev. Stat. §§ 569.030.1, 569.010(1) (1979).  Missouri decisions applying the statute show that physical force under the Missouri statute is the equivalent of physical force within the meaning of the ACCA.  Based on the data available, we see no realistic probability that Missouri courts would apply the Missouri statute to conduct that does not involve force that is capable of causing physical pain or injury.  We therefore conclude that the district court properly counted Swopes's conviction for Missouri second-degree robbery as a "violent felony" under the ACCA.

III.

Swopes also argues that a second prior conviction considered by the district court—for unlawful use of a weapon in violation of Mo. Rev. Stat. § 571.030.1(4)—does not qualify as a "violent felony."  The three-judge panel did not pass on this question, and Swopes urges the en banc court to address it in the first instance.  We elect to return the case to the panel for resolution of this second issue.

"It has long been the policy of this court that we do not consider issues en banc that are not specifically raised in the suggestion for en banc consideration.  Only in the rarest of occasions, when justice requires, do we depart from this policy." *Brown*

*v. Stites Concrete, Inc.*, 994 F.2d 553, 557 (8th Cir. 1993) (en banc). The government's petition for rehearing raised only whether second-degree robbery is a violent felony, arguing that this question alone was one of "exceptional importance." Fed. R. App. P. 35(b)(1)(B). Having granted rehearing en banc to consider the matter of second-degree robbery, we are not convinced to depart from our traditional practice by considering a different issue that was not raised in the petition. In returning the appeal to the panel, "we inject no additional layer into the judicial process; we merely permit the normal second layer—a court of appeals panel—to perform its customary role." *Asherman v. Meachum*, 957 F.2d 978, 983 (2d Cir. 1992) (en banc). Any party dissatisfied with the panel's decision will have an opportunity to urge the full court that the question presented meets the standards applicable for en banc determination.

* * *

For these reasons, we uphold the district court's conclusion that second-degree robbery in violation of Mo. Rev. Stat. § 569.030.1 (1979) is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). We return the case to the original three-judge panel to resolve the balance of the appeal.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I concur in Part III of the court's opinion remanding the case to the panel to determine whether unlawful use of a weapon under Mo. Rev. Stat. § 571.030.1(4) qualifies as a "violent felony" under the ACCA. I respectfully dissent, however, from the court's decision to overrule United States v. Bell. My understanding of Missouri case law leads me to conclude that "Missouri's second-degree robbery statute . . . does not necessarily require the use of violent force as one of its elements." 840 F.3d at 967.

-7-

In short, my disagreement rests on a different understanding of what constitutes a "realistic probability"—as opposed to a merely theoretical one—"that the State would apply its statute to conduct" that constitutes something less than violent force. See Moncrieffe, 569 U.S. at 191(quoting Duenas-Alvarez, 549 U.S. at 193); see also Bell, 840 F.3d at 966. I do not dispute that the relevant language from Lewis constitutes dicta, but I take that dicta to mean what it says. In Missouri, according to Lewis: "[W]here there was no physical contact, no struggle, and no injury, courts have found the evidence insufficient to support a [second-degree] robbery conviction. But where one or more of those circumstances is present, a jury reasonably could find a use of force." 466 S.W.3d at 632 (citation omitted). The most natural reading of this language is that "in Missouri a defendant can be convicted of second-degree robbery when he has physical contact with a victim but does not necessarily cause physical pain or injury." Bell, 840 F.3d at 966. "[T]his is not the same as concluding the force used by such a defendant is not capable of causing physical pain or injury," but it is sufficient to conclude there is a "reasonable probability" that Missouri would apply the statute to conduct that does not amount to violent force. Id. (cleaned up).

Furthermore, simply because a principle has been stated in dicta does not mean that lower courts will not rely on it when assessing a sufficiency-of-the-evidence argument; or that prosecutors will not rely on it when making charging decisions; or that defendants and their attorneys will not rely on it when deciding whether to plead guilty or go to trial. Because I believe that Lewis's description of second-degree robbery creates a realistic probability—albeit in dicta—that it will be applied to conduct that does not involve the use or threatened use of violent force, I respectfully dissent from the court's opinion overruling Bell.

_____